# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EPSILON ENERGY USA INC., <br><br> Plaintiff, <br><br> v. <br><br> CHESAPEAKE APPALACHIA, LLC, <br><br> Defendant. | No. <br> Judge |

## AFFIDAVIT OF MEGAN S. HAINES IN SUPPORT OF PLAINTIFF EPSILON ENERGY USA INC.'S <u>MOTION FOR TEMPORARY RESTRAINING ORDER</u>

Megan S. Haines, being first duly sworn, states under oath as follows:

1. My name is Megan S. Haines. I am counsel for Plaintiff Epsilon Energy USA, Inc. ("Epsilon"). I am over the age of eighteen.

2. This Affidavit is made pursuant to Federal Rule of Civil Procedure 65(b)(1)(B).

3. On September 14, 2018, Chief Operating Officer of Epsilon sent a letter to Defendant notifying it of its default under certain joint operating agreements between the parties ("JOAs") and requesting that Chesapeake cease such default. *See* September 14, 2018 Henry N. Clanton to Courtney Moad Letter, attached hereto as Exhibit A.

4. Epsilon had two phone calls with Defendant regarding the matters

which are the subject of Epsilon's Motion for Temporary and Preliminary Injunctive Relief.

5. On September 20, 2018, Epsilon and Chesapeake had a conference call to discuss the parties' respective positions.

6. During the call, CHK refused to state when it intends to drill the natural gas wells which are the subject of the Epsilon's Complaint, as wells as its motion for temporary and preliminary injunction, but suggested that it would commence drilling within one (1) week.

7. Also during that call, Epsilon advised that it planned to file a motion for a temporary injunction and request that the Court hold a hearing on that motion.

8. Contemporaneously with the filing of this motion, Epsilon is serving Defendant's outside counsel. *Id.*

9. I declare under penalty of perjury that the foregoing is true and correct.

                                 FURTHER YOUR AFFIANT SAYETH NOT.

                                 Signed this 20th day of September, 2018.

                                 Megan S. Haines
                                 *Counsel for Plaintiff Epsilon Energy USA Inc.*

# EXHIBIT A

September 14, 2018

**VIA E-MAIL AND OVERNIGHT MAIL**
Courtney Moad
Staff Landman – Appalachia
Chesapeake Energy Corp.,
PO Box 18496
Oklahoma City, OK 73154


RE:   August 15, 2018 Chesapeake Appalachia, LLC Well Proposals Relating to the Cannella South Unit and Rylee North Unit Operating Agreements


Dear Ms. Moad,

    Epsilon Energy USA, Inc. ("Epsilon") is in receipt of your letters dated August 15, 2018 wherein Chesapeake Appalachia, LLC ("CHK") purports to propose 3 natural gas wells: a Cannella 6H well, a Cannella 24HC well and a Cannella 25HC well. This letter responds to those proposals. By way of summary, Epsilon continues to elect to participate in the Cannella 6H well, which Epsilon initially proposed as the Cannella S SUS 6LH well on February 8, 2018. However, CHK's proposals for Cannella 24HC and 25HC wells (collectively, "Allocation Wells") are improper at this time. Under the terms of the applicable joint operating agreements (collectively, the "JOAs"), CHK may not move forward with the Allocation Wells absent the consent of all parties to those JOAs (collectively, the "JOA parties") and Epsilon does not consent at this time.

**Cannella 6H Well**

    On February 8, 2018, Epsilon proposed the Cannella S SUS 6LH well. On March 8, 2018, CHK consented to participate in the proposed Cannella S SUS 6LH well, as did the other parties to the Cannella South Operating Agreement dated June 10, 2014 ("Cannella South JOA"). Per Epsilon's review, the Cannella S 6H well proposed by CHK is close to, if not, identical to the Cannella S SUS 6LH well proposed by Epsilon. Therefore, to the extent such an election is necessary, Epsilon consents to participate in the Cannella 6H well.

**Allocation Wells**

    In addition to the Cannella S SUS 6LH well, Epsilon proposed a Cannella N SUS 3LH well and a Cannella S SUS 4LH well (collectively, the "Cannella Wells"). On March 8, 2018, CHK elected to participate and to operate the Cannella Wells. CHK indicated that an AFE would be forthcoming. To date, Epsilon has not received AFEs from CHK for the Cannella Wells and, to the best of Epsilon's knowledge, CHK has neither sought nor received well permits for the Cannella Wells.

Nevertheless, on August 15, 2018, Epsilon received CHK's proposal for the Allocation Wells. The Allocation Wells would be drilled into both the Cannella South Unit and the Rylee North Unit, thereby significantly diluting Epsilon's interests. Moreover, the Allocation Wells would target the Upper Marcellus Formation, which is less productive than the Lower Marcellus.[1] Further, the Auburn Gas Gathering System ("Auburn GGS") has limited capacity and the Cannella well pad has limited space for additional wells. In light of these facts, CHK's proposal of the Allocation Wells is improper under the Cannella South JOA and the Rylee North Unit Operating Agreement dated July 12, 2010 ("Rylee North JOA") at this time.

First, the Allocation Well proposal conflicts with the already-approved Cannella Wells. Granted the limited capacity of the Auburn GGS and limited space available for new wells on the Cannella pad, the Cannella Wells must be drilled prior to consideration of the Allocation Wells to ensure there is enough capacity in the system and room on the pad. Under the Cannella South and Rylee North JOAs, CHK was obligated to propose the Allocation Wells within 30 days of the Cannella Wells. *See* JOAs, Article VI.B.6 ("if any party desires to propose the conduct of an operation that conflicts with a proposal that has been made by a party under this Article VI, such party shall have thirty (30) days from delivery of the initial proposal, in the case of a proposal to drill a well or to perform an operation on a well where no drilling rig is on location, or twenty-four (24) hours, exclusive of Saturday, Sunday and legal holidays, from delivery of the initial proposal, if a drilling rig is on location for the well….").

Second, not only did CHK not propose the conflicting Allocation Wells, it consented to participate and operate in the Cannella Wells. As there is 100 percent participation, CHK was required to commence operations on the Cannella Wells within 90 days. *See* JOAs, Article VI.B.1. Accordingly, CHK has breached the JOA terms and is in default under the JOA.[2]

Third, and perhaps most significantly, in order to drill the Allocation Wells, CHK is seeking amendments to the Cannella South and the Rylee North Unit JOAs. The Cannella South and Rylee North JOAs identify each JOA party's interests thereunder. Those interests are not uniform between the Cannella South and Rylee North JOAs. The JOAs also provide mechanisms for participating in wells and reallocation of interests when fewer than all JOA parties consent to participate in a particular well within the unit covered by the particular JOA. The JOAs, however, do not permit CHK to propose wells crossing unit boundaries, nor do they permit CHK to reallocate the stated working interests in the units. Therefore, in order to drill the Allocation Wells, CHK must obtain consent from ***all*** of the parties to the Cannella South JOA and the Rylee North Unit JOA. Epsilon does not consent to the requested amendment of the Cannella South and the Rylee North JOAs. Consequently, CHK may not move forward with the Allocation Wells at this time.

---

[1] The Cannella Wells were proposed to target the Lower Marcellus.
[2] To the extent required, this letter should be considered a notice of default under the terms of the JOAs. *See* JOAs Art. VII.D (Defaults and Remedies).



In light of the above, Epsilon requests that CHK move forward with drilling and operating the Cannella Wells immediately. Once CHK has committed to fulfilling its requirements under the Cannella North and Cannella South JOAs, Epsilon may be amenable to revisiting the proposed Allocation Wells, as well as the requested amendments to the Cannella South Unit and Rylee North Unit JOAs.

Epsilon looks forward to CHK's prompt response to this letter. Epsilon is hopeful that an amicable resolution to these issues may be reached. However, please be advised that if the dispute identified herein is not significantly closer to being resolved within five (5) business days from the date of this letter, Epsilon will be compelled to institute legal action to compel compliance with the applicable JOAs' terms and to protect Epsilon's legal and property interests at stake thereunder.

Sincerely,

*Henry N. Clanton*

Henry N. Clanton
Chief Operating Officer
Epsilon Energy USA, Inc.

Enclosures

cc: Jonathan Blank, Esq., McGuireWoods LLP
   Equinor Onshore Properties, Inc.
   Chief Exploration & Development LLC
   Enerplus Resources (USA) Corporation
   Tug Hill Marcellus, LLC
   Radler 2000 Limited Partnership
   Pelican Energy, LLC

*Epsilon Energy USA, Inc.*
16701 Greenspoint Park Drive,
Suite 195
Houston, Texas 77060
Phone: 281.670.0002
Fax: 281.668.0985

**PLEASE DIRECT ALL CORRESPONDENCE TO THE HOUSTON OFFICE.**

*Epsilon Energy Ltd.*
14505 Bannister Road SE
Suite 300
Calgary, AB T2X 3J3